UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
THE GATEWAY, SUITE 103
201 PENN STREET
READING, PA  19601

Timothy B. McGrath                                                                                                         Telephone
Clerk                                                                                                                       (610) 208-5040

November 10, 2021

Re:    Larry Lee Wisser and Cathleen Rachel Wisser
       Bankruptcy No.:20-14201
       Civil Action No.

Dear Kate Barkman, Clerk of Court:

We herewith transmit the following document(s) filed in the above matter(s), together with a copy of the docket entries:

(XX) Certificate of appeal from order entered October 28, 2021 by the Honorable Patricia M. Mayer.
     Notice of appeal filing fee            (XX   )not paid

() Designation of Record on Appeal Filed
() Designation of Record on Appeal Not Filed

() Supplemental certificate of appeal.

() Motion for leave to appeal filed .
     () Answer to motion filed .

() Proposed findings of fact and conclusions of law entered  by the Honorable .
     () Objections filed .

() Report and recommendation entered  by the Honorable .

     () Objections filed .

() Original record transferred to the District Court pursuant to the order of the Honorable .

() Other:

Kindly acknowledge receipt on the copy of the letter provided.

                                        For the Court

                                        Timothy B. McGrath
                                        Clerk

                                        By:  s/ Denise Lavariere
                                        Deputy Clerk

---

Received Above material or record tile this _____ day of _____, 20____ .

Civil Action No. _____          Signature:_____

Miscellaneous No. _____         Date: _____

Assigned to Judge _____                                                        BFL5.frm(rev 11/8/17)

In The United States District Court
Eastern Division of Pennsylvania and
The Bankruptcy Appellate Panel Allentown Pennsylvania



2021 NOV -9 PM 2:30

FILED
NOV - 9 2021
TIMOTHY McGRATH, CLERK
BY _____ DEP CLERK

| | | |
|---|---|---|
| **Larry Wisser** <br> **And** <br> **Cathleen Wisser** | ) <br><br> ) | |
| Plaintiffs | ) | Cause Number 20-14201 |
| Vs | ) | |
| BRUCE BROWN, SCOTT WATER MAN <br> **Mr. Bruce Brown Individually** <br> **And as Agent for United States** <br> **Dept. Agriculture** | ) <br><br> ) | **Deprivation of Due Process** <br> **Equal Protection of Law** |
| **The United States** <br> **Department of Agriculture** | ) <br><br> ) | **Fraud Upon the Courts** |
| | ) | **JURY TRIAL DEMANDED** |
| **John and Jane Does 1-10** <br> **yet to be identified** | ) <br><br> ) | **Plaintiffs** |
| **Defendants** <br> BRUCEBROWN SCOTT WATER MAN | | **ORIGINAL COMPLAINT** |

**Plaintiffs Original Complaint**
**And Appeal to BAP**


**Now Comes Larry and Cathleen Wisser, Plaintiffs** and herein file this Original Complaint for Fraud Upon the Court, Bad Faith Deceptive Process / Abuse of Process, Violations of the Freedom of Information Act, Civil Rights Deprivations and Fraud Upon the Bankruptcy Courts in Pennsylvania.


CC: Larry & Cathleen Wisser, Bruce Brown, U. S. Dept. of Agriculture, Scott Waterman, Esq., U.S. Trustee; E-mail Notification to The Honorable Patricia M. Mayer on 11/9/21   DL

1. **Jurisdiction and Venue is provided by the United States Constitution and Laws as well as the Laws and Constitution for the Commonwealth of Pennsylvania.**

   **The 4th, 5th, 9th, 10th and 14th Amendment of the United States Constitution.**

   ## Equal Protection | Wex | US Law | LII / Legal Information ...

   LII **https://www.law.cornell.edu** › wex › equal_protection

   U.S. Constitution. The Fifth Amendment's Due Process Clause requires the United States government to practice equal protection. The Fourteenth Amendment's Equal Protection Clause requires states to practice equal protection. Equal protection forces a state to govern impartially—not draw distinctions between individuals solely on differences ...

   ## 14th Amendment | U.S. Constitution | US Law | LII / Legal ...

   LII **https://www.law.cornell.edu** › constitution › amendmentxiv

   14th Amendment. The Fourteenth Amendment addresses many aspects of citizenship and the rights of citizens. The most commonly used -- and frequently litigated -- phrase in the amendment is " equal protection of the laws ", which figures prominently in a wide variety of landmark cases, including Brown v.

2. **The Freedom of Information Act of the United States**
   ## The Freedom of Information Act, 5 U.S.C. § 552

3. **Jurisdiction and Venue**

## 28 U.S. Code Part IV - JURISDICTION AND VENUE | U.S. Code

LII **https://www.law.cornell.edu** › uscode › text › 28 › part-IV
chapter 83—courts of appeals (§§ 1291 - 1296) chapter 85—district courts; jurisdiction (§§ 1330 - 1369) chapter 87—district courts; venue (§§ 1390 - 1413) chapter 89—district

courts; removal of cases from state courts (§§ 1441 - 1455) [chapter 90—omitted] chapter 91—united states court of federal claims (§§ 1491 ...

## I.
## Individual and Specific Counts of Plaintiff's Lawful Rights

1. Beginning on or about February 1st 2005  Your Plaintiff's were involved in obtaining Credit from the USDA  ( US Department of Agriculture ) and dealing primarily with USDA Agent Mr. Bruce Brown.  The Nature of the Loans were Operations and Facilities Financing for the Wisser Farm herein described.   8149 BAUSCH RD NEW TRIPOLI, PA 18066

2. During the following Years The Wissers received $150,000  ONE HUNDRED FIFTY THOUSAND DOLLARS in Farm Preservation Grant money that USDA Agent Bruce Brown misappropriated and absconded with using methods unknown to and secreted from the Wissers.  This $150,000.00 amount was deprived from the Wissers and taken by USDA Agent Bruce Brown.

3. During this same Period  another $255,000.00  in USDA Backed Loans and $40,000,00 for a Mystery Milk Tank and a $30,000.00  Mystery Loan was created by USDA Agent Bruce Brown for which said Amounts were NEVER Provided to the Wissers for Their Benefit or Operations for their Farm which caused Them to seek Chapter 12 Bankruptcies over the past 10 years +.

4. During this period beginning in 2015 the Wissers began asking for production of the USDA's Files and Records associated with the Farm Preservation Money and Mystery Loans for which They DID NOT RECEIVE benefit of  to reconcile and audit the ACTUAL AMOUNTS which have been owed to the USDA which are involved in Their Bankruptcies under Chapter 12 of the US Bankruptcy Code.

5. Only Last Month did US Bankruptcy Judge Meyers finally ORDER the USDA to provide to the Wissers the Files and Records associated with these Mystery Loans and the Vanished Absconded Farm Preservation Monies so that Wissers could properly account for monies actually owed to the USDA. Said production of the FOIA'd Files and Records were UNSATISFACTORILY and Only Partially Produced on October 28th 2021 to the Wissers. On the very day These FOIA'd files and records were finally produced 7 years late. The US Bankruptcy Court fraudulently dismissed Wissers most recent Ch 12 Bankruptcy and DID NOT ALLOW the Wissers to Audit and Reconcile Monies actually owed to the USDA.

6. In the records finally produced 7 years LATE …. There appears THREE US TREASURY CHECKS which have been Absconded With and By Fraudulent Means ( Forged ) totalling more than $300,000.00 for which the Wissers have never seen, never received benefit of and until October 28th 2021 have had NO KNOWLEDGE OF.

7. These very large sums of money IF the Wissers had actually received them THEY WOULD HAVE NEVER needed to seek Chapter 12 Bankruptcy Protection and would have been spared more than a Decades Struggle and Huge Expenses to Protect Themselves and Property from Seizure by the USDA in the Unconscionable and Fraudulent Collections Activities engaged in by USDA. Said Abusive and Fraudulent Collections efforts by USDA constitute violations of the FAIR DEBT COLLECTIONS PRACTICES ACT

## Fair Debt Collection Practices Act | Federal Trade Commission

https://www.ftc.gov › enforcement › rules › rulemaking-regulatory-reform-proceedings › fair-debt-collection-practices-act-text

Fair Debt Collection Practices Act As amended by Public Law 111-203, title X, 124 Stat. 2092 (2010) As a public service, the staff of the Federal Trade Commission (FTC) has prepared the following complete text of the Fair Debt Collection Practices Act §§ 1692-1692p.

8. The Conduct of USDA and It's Agent Bruce Brown and the USDA constitutes Common Law Fraud as well as Unconstitutional Denial of Equal Protection and Due Process of Law by acting to Violate the Freedom of Information Laws as well as the Concealment of Records associated with the ACTUAL AMOUNTS OWING to the USDA in the Chapter 12 Proceedings dismissed by Judge Meyers on October 28th 2021 being the same day the Wissers finally received the PARTIAL PRODUCTION of FOIA'd Files and Records hidden by Mr. Bruce Brown and the USDA for the preceding 7 years.

9. At this time the ORIGINAL Treasury Checks with the ORIGINAL INK SIGNATURES are being sought by Pennsylvania State Police Troopers for Forensic Examination as the PHOTO-COPIED Checks produced on October 28th 2021 Can NOT Properly Be Authenticated Forensically because they have been DIGITALLY COMPUTER REPRODUCED. Wissers have Never Seen nor had Knowledge of the COPIED Checks Produced.

II.

Bad Faith and Fraud engaged in by USDA and Agent Bruce Brown

1. Hiding and Concealing the Files and Records of USDA and the FOIA Violations involved denied to Wissers the ability to accurately provide Facts and Figures to the Bankruptcy Court and Trustees during multiple Chapter 12 Proceedings.

2. During the past decade, the Wissers have suffered a Fraudulent Seizure of Their Dairy Herd by Agent Bruce Brown and USDA causing a complete shut down of their ability to Produce Milk and Income. Said Seizure of the

Wisser Herd by FRAUD has been part of an UNRELENTING PURSUIT by USDA and Agent Bruce Brown to Deny to the Wissers and By Fraud, Deception and Theft take Their Farm Business, Home and virtually everything the Wissers Own. The Bad Faith, Deceptive and Fraudulent Concealment of Records and Files subject to FOIA over the last 7 years and more has created the Circumstances of the Recent Dismissal of the Wissers Recent Chapter 12 Bankruptcy.

3. The Stay associated with the Recently Dismissed Chapter 12 should be IMMEDIATELY Reinstated until the Wissers and the Treasury Checks and other files and records can be fully AUTHENTICATED and AUDITED.

4. At this time the Pennsylvania State Police are seeking the ORIGINAL Treasury Checks signed in Ink and the Associative Banking Records and Files traceable to more than $300,000.00 In Payments Collected from Land O Lakes Dairy owed to the Wissers for Milk Sold to Land O Lakes. USDA and Mr. Bruce Brown have NOT released the Land O Lakes Records nor the Papers and Files ..... Electronic Banking Records which explain HOW IT IS .... USDA and Agent Bruce Brown had access to and was able to take Money from Bank Accounts belonging to the Wissers Your Plaintiffs.

TROOPER KAYE HARKISON
610-395-1438
ALLENTOWN STATE POLICE

### III.
### Damages caused to the Wissers

1. But for the Deceptive and Fraudulent Concealing Conduct of the USDA and Mr. Bruce Brown, the Physical and Emotional Distress caused to the Wissers would have been avoided.

6

2. More than a decade of Attorney Fees, Expenses, Legal Costs and Endless Court Appearances would have been Avoided.

3. The Seizure of the Wisser's Cow Herd would have never occurred and the Vast Amounts of Time and Expenses associated with the Protracted Chapter 12 Proceedings would have been avoided.

4. These expenses caused to the Wissers OUT OF POCKET exceed $75,000.00

5. The Value of the 120 Plus Cows Taken by USDA and Agent Bruce Brown exceed $150,000.00 and the Lost Income associated therewith another $75,000.00.

## IV
## RELIEF DEMANDED

1. A TRO Temporary Restraining Order Should Issue until a Proper Audit and Reconciliation of these matters can be performed. Said TRO should be Converted to a Permanent Injunction upon Hearing.

2. The Chapter 12 Stay to prevent USDA and Agent Bruce Brown from Sales or Repossession of the Wisser Farm should be immediately reinstated.

3. Upon Hearing and Trial of this Cause of Action ….. Wissers should recover Actual Damages shown and finally

4. Upon trial and hearing Wissers should be awarded an appropriate Punitive Damage Award of at Minimum Treble Damages Established in the Trial of this Cause.

5. Wissers explicitly request and demand a JURY TRIAL of these matters.

6. All costs and expenses associated with these matters should be paid to the Wissers in this case.

7. **FINALLY Larry and Cathy Wisser request that Summons to Answer and Appear in this Case be Served by the US Marshal's Service as the Wissers have been so Financially Devastated They are Unable to Afford the Costs of Said Service of Process.**

Respectfully Submitted

*Mr. & Mrs. Larry & Cathleen R. Wisser* (signature)

Larry and Cathy Wisser

Dated Nov 9th 2021

Address of the Plaintiffs

8149 BAUSCH ROAD
NEW TRIPOLI, PA, 18066



## Certificate of Service

On this Date NOV 9th 2021 a True and Correct Copy of this Cause has by US Mail been served upon The USDA and Mr. Bruce Brown and as well US Bankruptcy Trustee Scott Waterman and the Following Address

BRUCE BROWN
BERKS COUNTY SERVICE CENTER
1238 COUNTY WELFARE ROAD
SUITE 240
LEESPORT PA. 19583

SCOTT WATERMAN ESG.
CHAPTER 12 TRUSTEE
2901 ST. LAWRENCE AVENUE
READING, PA. 19606

9

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE: Larry Lee and** | | |
| **Cathleen Rachel Wisser,** | : | **Chapter 12** |
| | : | |
| Debtors. | : | |
| | : | **Bky. No. 20-14201 (PMM)** |

-----------------------------------------------------------------------------------

**ORDER DISMISSING BANKRUPTCY CASE**

Upon Consideration of the Chapter 12 Trustee's Amended Motion to Dismiss with Prejudice (doc. #77, amended at doc. #153, the "Motion");

AND a hearing on the Motion having been held and concluded on October 12, 2021;

AND for the reasons stated in an oral bench ruling placed on the docket contemporaneously with this Order;

It is hereby **ordered** that:

1)    The Motion is **granted**;

2)    This chapter 12 case is **dismissed**;

3)    The Debtors are **prohibited from filing for bankruptcy protection under any chapter of the Bankruptcy Code** on or before six (6) months from the date of this Order;

4)    Pursuant to 11 U.S.C. §349(b)(3), the undistributed chapter 12 plan payments in the possession of the Trustee shall not revest in the entity in which such property was vested immediately before the commencement of the case.  All other property of the estate shall revest pursuant to 11 U.S.C. §349(b)(3);

5)    The Court shall retain jurisdiction in order to consider the Application for Compensation and Reimbursement of Expenses of Shawn J. Lau & Associates (doc. #192);

6)    Additional applications for allowance of administrative expenses (including applications

for allowance of professional fees) shall be filed within fourteen (14) days of the entry of this Order.;

7) Promptly after the expiration of the response period for any application authorized by Paragraph 6 above, counsel for the Debtors shall file either:

> (a) a Certification of No Response confirming that neither an objection to the proposed compensation nor an application for administrative expense has been filed; or
>
> (b) a Certification that an objection or an application has been filed (after which the Clerk shall schedule a hearing on all such applications).

8) If no Certification, as required above in Paragraph 7 has been entered on the docket within sixty-three (63) days of the entry of this Order, then the Trustee shall: (a) if any applications for administrative expenses other than Debtors' counsel's have been filed, request a hearing thereon or (b) if no such applications have been filed, return the undistributed chapter 12 plan payments in his possession to the Debtors pursuant to §1226(a).

DATE: October 28, 2021

*Patricia M. Mayer*

_____
**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**